UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA- EASTERN DIVISION

| | |
|---|---|
| GLEN ALEXANDER, | ) No. ED CV 08-1179 SH |
| Plaintiff, | ) MEMORANDUM DECISION )AND ORDER |
| v. | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) ) |

## I. PROCEEDINGS

This matter is before the Court for review of the Decision by the Commissioner of Social Security denying plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 400 et seq. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed

their pleadings, and the defendant has filed the certified transcript of record. After reviewing the matter, the Court concludes that the Decision of the Commissioner should be affirmed.

## II.  BACKGROUND

On September 11, 2006, plaintiff filed an application for SSI, alleging that he became disabled on February 17, 1987, due to a mood disorder, not otherwise specified ("NOS"), learning disorder, NOS, attention-deficit hyperactivity disorder ("ADHD") by history, and a right arm and right leg injury (Administrative Record ("AR" 35, 37). Plaintiff's application was denied initially on January 16, 2007, and again denied upon reconsideration on April 5, 2007 (AR 42-46, 49-54). Thereafter, on June 9, 2007, plaintiff filed a timely written request for hearing to review the denial of his application for SSI, and was afforded a hearing before an Administrative Law Judge ("ALJ") on June 10, 2008 (AR 5-27). The ALJ issued an unfavorable Decision on June 27, 2008 (AR 32-41). The ALJ found that plaintiff has not been under a disability within the meaning of the Social Security Act since September 11, 2006 (AR 35). The ALJ also found that plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not credible and that plaintiff's functional limitations did not preclude him from performing sedentary work and other simple, repetitive, object oriented, non-public tasks, with only impersonal interactions with co-workers (AR 38-39).

On July 16, 2008, plaintiff filed a Request for Review of the Hearing Decision (AR 4). The Appeals Council denied review of the decision on July 25, 2008 (AR 1). This action followed.

Plaintiff makes four challenges to the ALJ's determination. Plaintiff alleges that the ALJ erred by failing: (1) to make proper credibility findings; (2) to properly consider lay witness mother Margaret Alexander's statements; (3) to

properly consider the State Agency psychiatrist's opinion; (4) to properly consider the consultative examiner's assessment of plaintiff's medical condition. Each of plaintiff's contentions will be addressed in turn.

## III. <u>DISCUSSION</u>

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence must be more than a mere scintilla, but not necessarily a preponderance. *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003). This Court cannot disturb the Commissioner's findings if those finding are supported by substantial evidence, even though other evidence may exist which supports plaintiff's claim. *See Torske v. Richardson*, 484 F.2d 59, 60 (9th Cir. 1973), *cert. denied*, *Torske v. Weinberger*, 417 U.S. 933, 94 S.Ct. 2646, 41 L.Ed.2d 237 (1974); *Harvey v. Richardson*, 451 F.2d 589, 590 (9th Cir. 1971).

A person is "disabled" for the purpose of receiving benefits if the person is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The plaintiff has the burden of establishing a prima facie case of disability. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992) (citing *Galant v. Heckler*, 753 F.2d 1452).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. First, it is determined whether the person is engaged in "substantial gainful activity." If so, disability benefits are denied. Second, if the person is not so engaged, it is determined whether the person has a medically severe impairment or combination of impairments. If the person does not have a severe impairment, it is determined whether the impairment meets or equals one of a number of "listed impairments." If the impairments meet

or equal a "listed impairment," the person is conclusively presumed to be disabled. Fourth, if the impairment does not meet or equal a "listed impairment," it is determined whether the impairment prevents the person from performing past relevant work. If the person is able to perform past relevant work, benefits are denied. Fifth, if the person is unable to perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work. 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

***ISSUE NO. 1:* The ALJ properly considered plaintiff's testimony.**

Plaintiff asserts that the ALJ did not properly consider and assess his subjective complaints and credibility. Plaintiff contends that the ALJ merely summarized the plaintiff's testimony and did not determine credibility or explain what evidence undermined the testimony. Plaintiff further asserts that the ALJ erred in failing to provide adequate reasons for rejecting his testimony. In response, defendant argues that the ALJ provided specific reasons for finding plaintiff's subjective complaints regarding his physical and mental impairments not credible.

Plaintiff alleges that his mood disorder, learning disorder, ADHD, and right arm and right leg injuries from a motorcycle accident prevent him from carrying out work activities. However, he is able to perform a range of other daily activities. Plaintiff testified that he last worked when he turned 19 (AR 9). He worked for a construction company for approximately 2 months, and stopped because his supervisor was fired and he did not want to take any responsibility and also he wanted to do something with his motorcycle (AR 9-10). He further stated he just did not feel like going to work after that and lacked motivation to look for another job (AR 11). However, between then and his motorcycle accident in February 2008, he spent his days riding his street bike and hanging out with friends (AR 19).

Although plaintiff's subjective complaints, including pain testimony, were taken into consideration with respect to his work limitations, the ALJ found that plaintiff's testimony was inconsistent based on his own statement that he could not work as a result of his mental and physical impairments, but could regularly interact with his friends, dispense with crutches in about 5-6 weeks, and be accommodated by keeping his foot up to reduce the pain and swelling until he is physically recovered (AR 13, 14, 19). Plaintiff further testified he was finished with operations on his leg and was waiting to heal and going through physical therapy to strengthen his leg (AR 14).

The ALJ properly addressed plaintiff's pain testimony by stating that he could perform sedentary work and may need to elevate his right foot on a foot stool and refrain from lifting his right arm above shoulder level (AR 38).

With regard to plaintiff's testimony that he has a history of ADHD, learning difficulties, mood swings, impulsivity, anger outbursts, concentration problems, attention problems, memory problems, and depression, the ALJ properly considered it inconsistent with his performance during consultative psychologist Dr. Adam Cash's 2006 residual functional capacity ("RFC") assessment of plaintiff. Dr. Cash did not deny that plaintiff had learning difficulties, mood difficulties, and ADHD according to historical report, but concluded based on his evaluation of plaintiff that plaintiff was able to understand and carry out simple instructions and get along with supervisors and co-workers with only mild impairment (AR 489-90). Although these findings were gathered during a one-time psychological evaluation, they parallel State Agency psychiatrist Dr. K. J. Loomis' findings that plaintiff is able to perform simple tasks and interact adequately with co-workers and supervisors (AR 490, 504). The aforementioned inconsistencies constituted clear and convincing reasons to reject plaintiff's subjective complaints, including pain testimony.

Furthermore, an ALJ may consider at least the following factors when weighing the claimant's credibility: his reputation for truthfulness, inconsistencies in either his testimony or between his testimony and conduct, his daily activities, work record, and testimony from physicians and others concerning the nature, severity, and effect of the alleged symptoms. *See Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002). Here, the ALJ noted plaintiff's testimony that he walked off his last job and lacked motivation to work (AR 10-11, 39). Additionally, although plaintiff testified to knowing that medication improved his condition, he decided not to take any medication for his ADHD or for pain because it messed up his stomach (AR 20, 39). Plaintiff also admitted to Dr. Cash that he smoked marijuana every day and has been using it since he was 16 years old (AR 39, 487).

As evidenced in his decision, the ALJ gave specific and legitimate reasons to place greater weight on the opinion of Dr. Cash (AR 39) over plaintiff's testimony. These considerations supported the ALJ's finding that plaintiff's testimony was not entirely credible. Where an ALJ's interpretation of a claimant's contentions is reasonable and supported by substantial evidence, even where a contrary finding may also be reasonable, it is not the Court's role to second-guess it. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). If the evidence can support either outcome, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). In sum, the ALJ did not err in rejecting plaintiff's testimony.

***ISSUE NO. 2:*** **The ALJ's failure to provide reasons for disregarding lay witness mother Margaret Alexander's statements was harmless error.**

Plaintiff asserts that the ALJ did not properly consider and failed to state reasons for disregarding lay witness testimony of plaintiff's mother, Margaret Alexander. In response, respondent argues that the ALJ's failure to address her testimony was harmless error because such evidence was inconsistent with a total inability to work. Defendant further contends that the mother's testimony did not

establish any greater disability than was found by Dr. Loomis and the ALJ, because despite plaintiff's functional limitations, the mother asserted that plaintiff could ride his skateboard, bike, hang out and play games with his friends (AR 119, 123). Moreover, the mother indicated in her testimony that plaintiff has been working in the garage and is best at yard work, and also that money has been a source of motivation for him (AR 119, 121).

"[D]escriptions by friends and family members in a position to observe [plaintiff's] symptoms and daily activities have routinely been treated as competent evidence." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987); *see Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) ("[L]ay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence[.]"). If the ALJ rejects the testimony of lay witnesses, the ALJ must give "reasons germane to each witness whose testimony he rejects." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). "[W]here the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Commissioner*, 445 F.3d 1050, 1056 (9th Cir. 2006).

In the instant case, the ALJ did not provide reasons for disregarding the testimony of lay witness Ms. Alexander. However, Ms. Alexander provided information that did not establish any greater disability than was found by Dr. Loomis and the ALJ, that plaintiff was at most moderately impaired and was capable of performing simple repetitive tasks (AR 40). Fully crediting the mother's testimony, this Court can confidently conclude that no reasonable ALJ could have reached a different disability determination. Therefore, the ALJ's failure to provide reasons for disregarding Ms. Alexander's testimony was harmless error.

*ISSUE NO. 3:* **The ALJ properly considered the State Agency psychiatrist's opinion.**

Plaintiff contends that the ALJ ignored the findings of Dr. K. J. Loomis, the State Agency psychiatrist, without comment and consideration. Dr. Loomis found plaintiff capable of understanding, remembering, and carrying out simple repetitive tasks, and able to maintain concentration, persistence and pace as related to simple tasks (AR 504). Furthermore, Dr. Loomis determined that plaintiff is able to interact adequately with co-workers and supervisors but may have difficulty dealing with the demands of general public contact, and is also able to make adjustments and avoid hazards in the workplace (AR 504). Plaintiff argues that the ALJ may not ignore the findings of State Agency physicians and must consider such findings as opinion evidence except for the ultimate determination of whether plaintiff is disabled. Plaintiff further contends that the ALJ must provide specific and legitimate reasons, supported by substantial evidence, for rejecting the opinion of the physician.

Defendant responds that plaintiff's contention lacks merit because the ALJ's decision did summarize Dr. Loomis' opinion in stating that plaintiff had the functional capacity to understand, remember, and carry out simple tasks, maintain concentration, persistence, and pace throughout a normal weekday and work week as related to simple tasks, and interact adequately with co-workers and supervisors (AR 40). Defendant further contends that the ALJ properly analyzed Dr. Loomis' opinion, as evidenced by the fact that his opinion regarding plaintiff's RFC supported the State Agency's finding that plaintiff was not disabled.

Dr. Loomis' findings were not rejected in the ALJ's determination of plaintiff's claim. Although the ALJ did not specifically address that it was Dr. Loomis' report which was referenced in his discussion of the State Agency analysts' findings, the ALJ did directly discuss the content of Dr. Loomis' opinion in his decision (AR 40). Based on Dr. Loomis' findings, the ALJ concluded that

- 8 -

1 plaintiff could perform simple repetitive tasks and interact adequately with co-
2 workers and supervisors but may have difficulty dealing with the demands of
3 general public contact.  Since Dr. Loomis' 2006 assessment of plaintiff was
4 thoroughly summarized and discussed by the ALJ in his opinion, this claim lacks
5 merit and therefore, this Court finds that the ALJ properly considered Dr. Loomis'
6 findings.

*ISSUE NO. 4:* **The ALJ properly considered the consultative examiner's opinion.**

9 Plaintiff contends that the ALJ failed to consider Dr. Mitchel D. Perlman's
10 evaluation wherein Dr. Perlman determined that plaintiff suffers from constant
11 anxiety, depression, and impulsivity promoting social dysfunctions and has a major
12 depressive disorder and ADHD (AR 206-08).  Dr. Perlman also determined that
13 plaintiff has a global assessment of functioning ("GAF") rating of 40 (AR 241).
14 Plaintiff further asserts that the ALJ failed to discuss the limitations noted by Dr.
15 Perlman, thereby implicitly rejecting Dr. Perlman's findings without providing the
16 requisite reasons.

17 Defendant contends that the ALJ considered plaintiff's limitations and
18 appropriately included such limitations in plaintiff's RFC.  Defendant asserts that
19 Dr. Loomis reviewed Dr. Perlman's records in December 2006 and found no basis
20 for disability.  Furthermore, Defendant contends that Dr. Perlman's report was not
21 relevant to plaintiff's SSI application, because the report was prepared for a
22 hearing in juvenile court when plaintiff was 15 years old, and SSI disability
23 benefits cannot be paid prior to the date of application; therefore, Plaintiff's mental
24 limitations in 2002 were irrelevant to the instant claim of SSI.  Defendant adds that
25 although the GAF rating might be helpful to an ALJ in formulating a RFC
26 assessment, it is not essential, and failure to refer to such assessment is not
27 erroneous.
28

In the instant matter, the ALJ did in fact consider the plaintiff's limitations as determined by Dr. Perlman (AR 40). Defendant correctly noted that Dr. Loomis' opinion discussed Dr. Perlman's 2002 assessment of plaintiff and found plaintiff not disabled, but capable of understanding, remembering and carrying out simple repetitive tasks. (AR 505, 506). The ALJ also addressed the limitations identified by Dr. Perlman in plaintiff's RFC by stating that the plaintiff, in addition to having his right foot elevated on a foot stool and no lifting of his right arm above shoulder level, could perform simple, repetitive, object oriented, non-public tasks, with only impersonal interactions with co-workers, should avoid stressful interactions with co-workers, and have only intermittent interactions with supervisors, specifically with no supervisors constantly looking over his shoulder (AR 38).

Furthermore, an ALJ does not need to discuss every piece of evidence. *See Howard v. Barnhart*, 341 F.3d 1006, 1010 (9th Cir. 2003) ("in interpreting the evidence and developing the record, the ALJ does not need to discuss every piece of evidence"). While the ALJ did not explicitly reference Dr. Perlman in identifying Dr. Perlman's assessment of plaintiff's functional limitations, the ALJ did reference Dr. Perlman's opinion in determining plaintiff's RFC, that plaintiff has generally BIF with additional processing deficits, ADHD, depression, significant behavioral problems that resulted in multiple suspensions. (AR 40, 505). Again, this finding parallels Dr. Loomis' finding that the plaintiff, even with his depression, anxiety, and ADHD, can work throughout a normal weekday/workweek as related to simple tasks and can interact adequately with co-workers and supervisors (AR 40). Therefore, the ALJ did consider - and did not reject - Dr. Perlman's evaluation.

## IV. ORDER

For the foregoing reasons, the decision of the Commissioner is affirmed and plaintiff's Complaint is dismissed.

Date: June 15, 2009

                                     /S/
                          STEPHEN J. HILLMAN
                          UNITED STATES MAGISTRATE JUDGE